```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

Susan Boltz-McCarthy,             :
                                  :
         Plaintiff,               :
                                  :
     v.                           :     File No. 1:10-cv-00215-jgm
                                  :
Nancy M. Boltz,                   :
                                  :
         Defendant.               :
                                  :

                    MEMORANDUM AND ORDER
                         (Doc. 5)

Plaintiff Susan Boltz-McCarthy has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant Nancy M. Boltz's Counterclaim.  (Doc. 5.)  For the reasons that follow, the motion is denied.

Susan Boltz-McCarthy has sued her mother, Nancy Boltz, in this diversity action for declaratory judgment and damages, alleging her mother breached her fiduciary duties, converted monies owed to Boltz-McCarthy from the sale of 59 Estey Street in Brattleboro, Vermont, and alleging replevin of personal property.  (Doc. 1.)  The Complaint alleges Boltz-McCarthy conveyed 59 Estey Street, where she lived, to her mother in March 2002.  Id.  In July 2003, Boltz granted a mortgage on the home to secure a loan of $109,200 to her daughter.  Id.  In February 2004, Boltz conveyed the property to herself and Boltz-McCarthy as joint tenants with right of survivorship.  Id.  In August 2007, Boltz-McCarthy purported to execute power of attorney to her mother,

but alleges Boltz never signed the power of attorney.  <u>Id.</u>  Later that month, the mother and daughter executed a limited power of attorney appointing Boltz agent for the impending sale of the property.  <u>Id.</u>  According to the Complaint, prior to the sale, Boltz took possession of her daughter's personal property, including crystal, china and sterling silver.  <u>Id.</u>  Following the sale, Boltz allegedly used the sale proceeds to pay off the mortgage, pay the sales commission and closing costs, and retained the remainder.

Boltz answered her daughter's Complaint and counterclaimed as follows:

> 15.  Plaintiff, is an adult, who is 46 years old and the daughter of the Defendant.
>
> 16.  Plaintiff repeatedly requests that Defendant pay for Plaintiff's obligations including but not limited to living expenses, housing costs, credit cards, medical obligations, pharmaceutical prescriptions and furniture.
>
> 17.  Defendant has paid Plaintiff's obligations, as set forth above, for which the Plaintiff is indebted and obligated to reimburse Defendant.
>
> 16. [sic] Plaintiff is indebted to the Defendant in an amount exceeding $259,000 for expenses incurred by the Plaintiff and paid for by the Defendant, which include but are not limited to the items set forth above.

(Answer, Doc. 4.)

These allegations are sufficient to state a claim for an unpaid debt.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's arguments, that the form of pleading is insufficient and Defendant must plead facts rebutting Vermont's presumption that inter vivos transfers of property from parent to child are gifts, are unavailing.

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns., Inc. v. Shaar Fund, Ltd. 493 F.3d 87, 88 (2d. Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Counterclaim alleges Plaintiff is indebted to the Defendant and obligated to reimburse Defendant for living, housing, credit card, medical, prescription, and furniture expenses paid on her behalf in an amount exceeding $259,000. This is sufficient to give Plaintiff fair notice that Defendant alleges a contract, or mutual understanding, either express or implied, that Boltz-McCarthy was obligated to repay Boltz for the described expenses paid on her behalf.

Furthermore, "courts have refused to consider presumptions in favor of the defendant on a motion to dismiss since presumptions are evidentiary standards that are inappropriate for evaluation at the pleadings stage." 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2006); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002) (holding

evidentiary standard should not be transposed into a rigid pleading standard for discrimination cases).  The Counterclaim here need not plead additional facts to expressly rebut a state law presumption that inter vivos transfers of property from parent to child are gifts.  It is enough that it pleads Plaintiff had an obligation to reimburse the Defendant.

Therefore, Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 5) is DENIED.  Defendant's request for costs associated with her Memorandum in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 6) is DENIED.

Counsel shall file a proposed Stipulated Discovery Schedule/Order, pursuant to Local Rule 26(a), <u>on or before May 9, 2011</u>.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of April, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge
